**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RONTARIAN LAMAR WRIGHT,**

      **Petitioner,**

**vs.**                                  **Case No. 4:10cv262-LC/CAS**

**STATE OF FLORIDA,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

Petitioner Rontarian Lamar Wright, proceeding pro se, filed a 28 U.S.C. § 2254 petition on June 18, 2010. Doc. 1. After direction by this Court, Doc. 7, Petitioner filed an amended petition, Doc. 8. On September 12, 2011, Respondent filed an answer, with exhibits. Doc. 17. Petitioner filed a reply on October 12, 2011. Doc. 19.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons

stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## Relevant Procedural History

By amended information filed in August 2003, in the Second Judicial Circuit, Gadsden County, in case number 03-107-CFA, the State of Florida charged Petitioner Wright with two counts, in connection with events that took place in late January 2003: (1) armed carjacking, a first degree felony punishable by life, in violation of sections 777.011 and 812.133(2)(a), Florida Statutes; and (2) dealing in stolen property, a second degree felony, in violation of sections 777.011 and 812.019(1), Florida Statutes. Doc. 17 Ex. A at 15 (amended information); *see id.* at 4 (information). Wright proceeded to trial in September 2003, during which he did not testify. *See id*. Ex. C at 309-11. On September 5, 2003, the jury hung on Count 1 and found Wright guilty on Count 2. *Id*. Ex. A at 21, 23; Ex. C at 339-40. The court declared a mistrial on Count 1. *Id*. Ex. C at 339.

On September 10, 2003, Wright entered a negotiated plea agreement as to Count 1. *Id*. at 24-25. In particular, Wright pled no contest to armed carjacking, a life felony, and with the understanding that he would receive a sentence of 25 years in prison, to run concurrent with the sentence imposed on Count 2 and other cases. *Id*. at 24; *see id.* Ex. E (transcript of plea and sentencing hearing). The trial court accepted the plea and adjudicated Wright guilty. *Id*. Ex. E at 12-13. Pursuant to the plea agreement, the trial court sentenced Wright to 25 years in prison on Count 1, to run concurrently with a 15-year sentence on Count 2. *Id*. at 13; Ex. A at 27-32.

Wright was granted a belated appeal on July 30, 2004, and he appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D04-4266.  *See* Doc. 17 Ex. F.  Wright's attorney filed an <u>Anders</u> brief.[1] Doc. 17 Ex. F.  Wright filed his own brief and raised one point: The trial court erred in accepting his plea because the confession used to support the conviction was obtained in violation of <u>Miranda</u>.[2]  Doc. 17 Ex. G.  The First DCA affirmed the case without an opinion on September 11, 2007.  *Id*. Ex. H; *see* <u>Wright v. State</u>, 965 So. 2d 129 (Fla. 1st DCA 2007) (table).  The mandate issued October 10, 2007.  Doc. 17 Ex. H.

On October 8, 2008, Wright, proceeding pro se, filed a petition for writ of habeas corpus in the First DCA, assigned case number 1D08-5038.  Doc. 17 Ex. I.  The First DCA considered this as a petition alleging ineffective assistance of appellate counsel and denied it on the merits on November 7, 2008.  *Id*. Exs. J and K; *see* <u>Wright v. State</u>, 994 So. 2d 1186 (Fla. 1st DCA 2008).

On October 15, 2008, Wright filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) in the state trial court.  Doc. 17 Ex. L at 1-29.  Wright argued his trial counsel "coerced a plea bargain vis a forced plea by the state."  *Id*.  He also argued "prosecution for Armed Carjacking after jury finding of lessor included offense related charge arising from same actions of offense . . . violates jeopardy protections."  *Id*.  He argued his "plea to armed carjacking must be overturned

---

[1]<u>Anders v. California</u>, 386 U.S. 738 (1967).

[2]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

because facts are not supported as to charge." *Id*. He further argued counsel was ineffective for not immediately filing a motion to correct illegal sentence. *Id*.

In an order entered October 23, 2008, the state trial declared Wright's Rule 3.800(a) motion frivolous:

> The defendant argues in the motion that (1) the jury rendered a verdict of guilty to the lesser-included offense of theft as to count I; (2) the trial court "invalidated" the jury's finding; and, (3) the prosecution of the armed carjacking charge after the jury's finding of the lesser-included offense violated double jeopardy protections. These arguments are without legal merit and are frivolous.
>
> The jury rendered a verdict only as to count II and was unable to reach a verdict on count I (see attached trial transcript, pages 339 - 341 and the plea and sentencing transcript).

Doc. 17 Ex. M. The court directed Wright to show cause why he should not be subject to administrative disciplinary procedures as provided in section 944.279, Florida Statutes. *Id*. Wright filed a response to the show cause order. *Id*. Ex. N. Thereafter, the state court, on January 16, 2009, rendered a final order denying Wright's Rule 3.800(a) motion as frivolous and declining to impose sanctions. *Id*. Ex. O. Wright did not appeal.

On December 9, 2008, Wright filed a pro se Rule 3.850 motion for postconviction relief in the state trial court, raising 13 grounds. Doc. 17 Ex. P at 1-45. On July 19, 2009, he filed a supplement to the motion, raising an additional ground. *Id*. at 46-49. By order rendered July 30, 2009, the state postconviction trial court summarily denied all 14 grounds raised in the Rule 3.850 motion and the supplement. *Id*. Ex. Q at 50-57.

Wright appealed the denial of his Rule 3.850 motion to the First DCA and filed a brief, in case number 1D09-4205. Doc. 17 Ex. U. The State did not file an answer brief. *Id.* Ex. V. The First DCA per curiam affirmed the case without an opinion on April 23, 2010. *Id.* Ex. W; *see* <u>Wright v. State</u>, 34 So. 3d 8 (Fla. 1st DCA 2010) (table). The mandate issued on May 19, 2010. Doc. 17 Ex. X.

As indicated above, on June 18, 2010, Wright filed a § 2254 petition in this Court. Doc. 1. After direction by this Court, Wright filed an amended petition. Doc. 8. Respondent filed a response, with exhibits. Doc. 17. Wright has filed a reply. Doc. 19.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. In this case, in his amended § 2254 petition, Wright raises five grounds:

(1) Trial Counsel's Failure to Object to Judge Declaring Premature Mistrial;

(2) Trial Counsel Deceiving and Manipulating Wright Not to Testify;

(3) Trial Counsel Manipulated Wright into Accepting Plea;

(4) Trial Counsel Failed to Operate Diligently on Wright's Behalf in Failing to Request Instruction for Permissive Lesser Included Offense; and

(5) Trial Counsel Failed to Request Special Jury Instruction on Independent Act Doctrine.

Doc. 8 at 6-25 (ECF pages). Respondent asserts that Grounds 1, 2, and 5 are rendered moot and waived by Wright's decision to enter a plea rather than proceed to

trial again on the carjacking charge.  Doc. 17 at 6 (Ground 1), 8 (Ground 2), 13 (Ground

5).  In reply, Wright "seeks not to further burden this Court with having to address

issues 1, 2, 4, & 5 of instant petition for writ of habeas corpus due to waiver by plea"

and he "concedes said 4 issues," although Ground 4 actually concerns Count 2 and

thus did not involve the armed carjacking plea.  Doc. 19 at 2.  Wright "reserves his right

to further argue issue No. 3 (ineffective assistance of counsel due to trial counsel

manipulating Petitioner into accepting plea)" and proceeds to argue only that ground.

*Id*.  Therefore, given Wright's concessions, this Court will address only Ground 3.  *See,*

*e.g.*, Bailey v. Tucker, No. 5:09cv221-RS/EMT, 2011 WL 5980989, at *14 (N.D. Fla.

Oct. 12, 2011) (Report and Recommendation to deny § 2254 petition and explaining, as

to one ground: "Petitioner contends defense counsel was ineffective for failing to

investigate and bring to his attention an insanity defense 'superinduced' by long term

use of intoxicants (doc. 1 at 5).  Respondent contends Petitioner failed to show he is

entitled to relief on this claim (doc. 9 at 24-25).  In Petitioner's reply, he concedes he is

not entitled to relief on this claim (doc. 16 at 7).  The court accepts Petitioner's

concession and will not conduct further review."); Evans v. McNeil, No. 3:07cv98-

LAC/EMT, 2009 WL 3163214, at *17 (N.D. Fla. Sept. 30, 2009) (Report and

Recommendation to deny § 2254 petition and explaining, as to one ground:  "In

Petitioner's reply brief, he expressly withdraws Ground Three [alleging he was denied

effective assistance of counsel at trial] from consideration (*see* Doc. 24 at 7).

Therefore, the court need not consider this claim.), adopted by 2009 WL 3710725 (N.D.

Fla. Nov. 3, 2009) (order); Brown v. McDonough, No. 3:06cv289-MCR/EMT, 2007 WL

2028843, at *10 (N.D. Fla. July 10, 2007) (Order adopting Report and Recommendation to deny § 2254 petition, which explained as to one ground: "In his reply to Respondent's answer, Petitioner concedes he is not entitled to federal habeas relief on his remaining claims and requests relief only as to Ground one (Doc. 18 at 3-4). Therefore, the court need not address these claims.").

In Ground 3, Wright alleges his trial counsel manipulated him into accepting a plea. Doc. 8 at 18. Wright asserts that, on September 10, 2003, prior to his plea and sentencing proceeding, Wright spoke with his trial counsel in a private location inside the Gadsden County Court. *Id*. During this conversation, Wright indicates he expressed his desire to proceed to trial on the armed carjacking charge. *Id*. at 19. Wright "remembers his trial attorney trying to convince him to take a plea of 25 years, despite having had two hung jurys [sic], stating that – quote: I will not go back to trial, on a case I won't win, we won't win so take the plea." *Id*. Wright states that trial counsel also led him to believe that when he accepted the plea, trial counsel would bring him back to trial once he began to serve his 25-year sentence. *Id*. at 19-20. Wright states "this was the main reason that the Petitioner expressed evident confusion as to the consequences of his plea of nolo contendere." *Id*. at 20. Wright asserts he was misled by trial counsel "with the mistaken belief that Mr. Wright still would be able to appeal his conviction and proceed back to trial once he accepted the plea to armed carjeacking according to his trial counsel." *Id*. at 21. Wright asserts that "only at the urging and deceptiveness of his trial attorney's actions did he accept a 25 year plea to a charge that he could have possibly won in another trial." *Id*. Wright alleges his counsel's

performance was "beyond deficient" as "counsel manipulated an innocent man through deceptive strategy to accept a plea and sacrifice 25 calendar years of his life that cannot under no circumstances be replaced after served." *Id*. Wright asserts that the 25-year sentence "had a great chance of being eliminated or reduced," given the previous hung jury, if his attorney had allowed him to proceed to another trial. *Id*. at 21-22. Wright asserts that but for this manipulation by his attorney, he would never have accepted a plea for 25 years. *Id*. at 22.

Respondent answers that Wright raised this ground as his fifth claim in his Rule 3.850 motion, which the state post-conviction trial court denied. Doc. 17 at 9. Respondent adopts that court's factual findings and indicates such findings are presumed correct because Wright advances nothing, much less clear and convincing evidence, to overcome them. *Id*. Respondent indicates the statutory presumption of correctness is strongly buttressed by the presumption that a defendant's sworn representations are true. *Id*. Respondent points out that Wright actively participated in the plea bargain process; indeed, by insisting that he would not testify against anyone, Wright obtained a waiver of that condition by the prosecutor. *Id*. at 9-10; *see* Doc. 17 Ex. E at 5-6. Wright was sworn at the start of the plea colloquy, acknowledged reading all plea forms and that his attorney had explained them, and he had no questions. Doc. 17 at 10; Ex. E at 6, 8. The court specifically told Wright, at the plea hearing, that he could not "bring [the carjacking count] back to trial." Doc. 17 Ex. E at 8. Wright answered "no" when the judge asked him if anyone had promised him anything or threatened him. *Id*. at 9-10. Wright also said understood each right he was giving up

by entering the plea and that he was satisfied with his counsel's representation. *Id*. at 10-11. Respondent concludes that defense counsel did not perform deficiently by obtaining a favorable sentencing package, and the post-conviction trial court's denial of relief amounted to a reasonable determination of the facts and a reasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Doc. 17 at 10.

In reply, Wright asserts his plea was not voluntary. Doc. 19 at 2. Wright asserts the transcript of the plea colloquy supports his argument. *Id*. Wright argues the factual findings of the post-conviction trial court "are purely misinterpreted speculation based in part on hindsight." *Id*. at 3. Wright maintains that defense counsel told Wright that counsel would bring him back to trial once Wright accepted the plea. *Id*. at 3-6. Wright asserts that, "[c]onsidering the understanding the Petitioner had at that time about appeal and trial, brought on by trial counsel's manipulation, the trial judge's statement . . . confirm[ed] [that Wright could] appeal and come back to trial. *Id*. at 7. Wright maintains he had demonstrated his plea was involuntary, and he has satisfied the Strickland test. *Id*. at 8-9.

Thus, in Ground 3, Wright alleges ineffective assistance of trial counsel. In Strickland, the U.S. Supreme Court adopted a two-part test for such claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.  To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688.  To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Strickland test applies to ineffective assistance of counsel claims arising out of the plea process.  Hill v. Lockhart, 474 U.S. 52, 57-58 (1985).  When a defendant has entered a plea while represented by counsel, as here, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).  "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.'" *Id.* at 56-57 (quoting Tollett v. Henderson, 411 U.S. 258 (1973)).  That a plea is one of nolo contendere, as here, rather than guilty, does not warrant a different analysis for purposes of habeas corpus.  *See* North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); *see also* Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (explaining that "[u]nder Florida law, a plea of nolo contendere is equivalent to a plea of guilty").

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant

relief unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.

For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." Id.

Here, as Respondent indicates, Wright raised the instant claim as ground 5 in his Rule 3.850 motion. See Doc. 17 Ex. P at 23-26. In denying this claim, the state post-conviction trial court made the following findings:

Defendant alleges that trial counsel said that "I will not go back to trial on a case I won't win. We won't win so take the plea." Defendant alleges that he told counsel he wanted to go forward with the re-trial on the carjacking charge inasmuch as there had been 2 hung juries and the odds of acquittal were in his favor. There is no logical basis to conclude that odds of acquittal were in Defendant's favor. He had a chance for acquittal, a chance of conviction, and maybe a higher chance of another hung jury, based on past history. However, this was also a package deal. Defendant's violation of probation statutory exposure was 76 months guideline on armed robbery in case #98-486. He had 5 years exposure on cocaine probation case #03-210. He had 15 years exposure on dealing in stolen property. Therefore, even with a jury acquittal on armed carjacking, Defendant was already exposed to in excess of 25 years if the trial court found Defendant in violation of probation by a preponderance of the evidence and decided to run all sentences consecutively. However, Defendant limited his exposure to 25 years and avoided a third trial which risked exposure to life, which with his history, was a serious risk. Defendant also alleges that trial counsel told him that after he started his 25-year sentence that counsel would bring him back to have a re-trial on the carjacking charge. This is inherently nonsensical. This Court is entitled to rely on Defendant's plea colloquy and his plea form to conclusively refute Defendant's ridiculous claim. The detailed plea form and detailed plea colloquy make it abundantly clear that this was the end of all cases. (Plea and Sentencing Tr. 1-16) (Plea and Acknowledgment Forms, case 03-107; 03-210; and 98-486).

Doc. 17 Ex. Q at 53. This ruling, affirmed on appeal without opinion, is entitled to

deference and review is limited to the record before the state court. *See* Cullen, 131

S.Ct. at 1388.

The transcript of the plea hearing and the plea agreement itself support the state

post-conviction trial court's findings and determination that Wright's claim lacks merit.

At the plea hearing, the terms of the plea were reviewed, Wright signed the agreement,

and the judge asked Wright if he had any questions:

MR. CAMPBELL [prosecutor]: Judge, I think we have got a resolution now before the court that's not going to require you to make the judgments that we had previously indicated. I think a plea offer has been extended to Mr.

Wright that would wrap up both of his pending, the mistried carjacking, the pending cocaine, the VOP for armed robbery. And I would ask for the sentence on these that he be found guilty in an all inclusive plea offer for 25 years Department of Corrections. My understanding is that he has accepted that, and wishes to enter a plea that he will do 25 years DOC and he will testify truthfully against his codefendant . . . in any pending trials that might come up with that.

MR. GARCIA [defense counsel]: For record purposes, Your Honor, there are three case numbers on these three matters. The violation of probation is 98-486CFA. The cocaine case is 03-210 and the armed carjacking and the dealing in stolen property in which there has already been a jury verdict is 03-107.
. . . .

MR. GARCIA: In 03-107, the charge of armed carjacking he faces a mandatory – a maximum of life. The agreed upon disposition calls for a 25 year sentence with court costs and a $40 PD fee. The DNA sample. And he agrees to testify in the trial of – the agreement is that he's to testify in the trial of [his codefendant]. I got a shaking head here now, Your Honor. I am not sure what he's trying to tell me. Are you saying you're not going to testify –

THE DEFENDANT: I say that's fine, Your Honor, but I don't want to testify against nobody.

MR. GARCIA: Well, then you don't have a deal. You either have a deal or you don't.

MR. CAMPBELL: And I don't know if there will be a trial, but if there was a trial against [the co-defendant] the only deal would be that he testify truthfully.

MR. GARCIA: Of course, with the conviction, all the state has to do is issue a subpoena and Mr. Wright would be required to testify pursuant to the force of a subpoena whether he agrees to testify or not.
And if there is a subpoena lawfully issued and Mr. Wright refuses to testify, then the contempt power of the court come into play.

THE COURT: The contempt power doesn't take 25 years to life. You either have a agreement or you don't have an agreement.

MR. CAMPBELL: I will waive the testify truthfully.

MR. GARCIA: Okay. So the agreement would be 25 years Department of Corrections, $270 court costs, $40 PD fee, the DNA sample and credit for time served that will also be determined by a separate order. The sentence is to be concurrent to the sentences imposed in 03-210 and 98-486.

And 03-210, Mr. Wright would enter a no contest plea to the charge of possession of cocaine. This calls for an agreed upon disposition of 5 years Department of Corrections concurrent with 03-107 and 98-486, $275 court costs and a $40 public defender fee.

Mr. Wright has not signed the plea agreement. He asked that he could sign them in the presence of the court.

THE COURT: Sure. Raise your right hand, sir.

(The defendant was sworn by the court).

THE COURT: Are you Rontarious Wright?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Wright, do you have any difficulty reading?

THE DEFENDANT: No, sir.

THE COURT: Good.

MR. CAMPBELL: Judge, one thing I would like to take up, he is named on the Information in 98-486 as Rontarion Wright, and I know it is the same DOC number, the same picture.

I would like to just have him on the record say he is the same person, I'm Rontarion and Rontarious.

THE COURT: For the purposes of these pleas today, Rontarion and Rontarious are one and the same person, is that correct, sir?

THE DEFENDANT: Yes, sir.

THE COURT: I have two plea and acknowledgment of rights forms in my hand, one relating to case 03-210, one relating to case 03-107, and an admission to a violation of probation and acknowledgment of rights form

related to case 98-486CFA, and page two of each of these appears to bear the signature of Rontarious Wright. Are those your signatures?

THE DEFENDANT: Yes, sir.

THE COURT: And you signed them today?

THE DEFENDANT: Yes, sir.

THE COURT: And today is the 10th. I will date them. Did you have the opportunity to read over these plea forms in their entirety and go over them with Mr. Garcia before you signed them, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Did he answer all of your questions?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions of me regarding any of the subjects covered in these forms?

THE DEFENDANT: No, sir. There is only one question that I want to know. When I start the time going down the road, I mean, now that I have served some time in the near future – not in the near future, but sometime in the future am I going to have to be able to bring back to trial if I wanted to?

THE COURT: No.

THE DEFENDANT: That's why I entered the no contests, right?

THE COURT: Uh-huh. You are giving up your right to appeal.

THE DEFENDANT: So I can't appeal nothing?

THE COURT: You can appeal the illegality of the sentence or my jurisdiction. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Any other questions?

THE DEFENDANT: No, sir.

Doc. 17 Ex. E at 3-9.  The court then went through each of the cases involved.  As to

the armed carjacking case, the following transpired:

> THE COURT: We are also here on cases 2003-210 and 2003-107.  In case 03-210 you have been charged with possession of cocaine, and in case 2003-107 there is one charge remaining, that being the armed carjacking charge.
>
> The jury previously found you guilty of dealing in stolen property.

> THE DEFENDANT: Yes, sir.

> THE COURT: It's my understanding you desire to enter pleas of no contest to case 2003-210, possession of cocaine, and one count of armed carjacking, case 2003-107, is that correct?

> THE DEFENDANT: Yes, sir.

> MR. CAMPBELL: You do understand the armed carjacking charge is a life felony?

> THE DEFENDANT: Yes, sir.

> THE COURT: You understand that by entering your pleas in each case you're giving up your right to a trial by jury and have an attorney assist you in that trial?

> THE DEFENDANT: Yes, sir.

> THE COURT: You further understand that by entering your pleas in each case you're giving up your right to call witnesses on your behalf, confront witnesses against you and to remain silent about these offenses?

> THE DEFENDANT: Yes, sir.

> THE COURT: Anyone promise you anything or threaten you in any manner to get you to enter these pleas?

> THE DEFENDANT: No, sir.

THE COURT: Do you understand the deal that's been worked out?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with that deal and Mr. Garcia's representation of you?

THE DEFENDANT: Yes, sir.

THE COURT: You feel it's in your best interest to enter these pleas?

THE DEFENDANT: Yes, sir.

MR. CAMPBELL: You have now stated under oath in case 2003-107 that you're entering your plea of no contest to one count of armed carjacking, and that you are doing so freely knowingly and voluntarily?

THE DEFENDANT: Yes, sir.

*Id*. at 9-12. The judge indicated he had reviewed the case file and the affidavits contained therein and "in each case there is a factual basis to the charges against him." *Id*. at 12. The judge found Wright "entered his pleas as charged freely, knowingly and voluntary" and the judge accepted the pleas. *Id*. The judge adjudicated him guilty and sentenced him in accordance with the plea agreement. *Id*. at 12-13; *see* Doc. 17 Ex. A at 27-32.

In addition, in the written plea, Wright entered a plea of no contest to the armed carjacking offense with the understanding that he would be sentenced to 25 years in Department of Corrections, to run concurrently with his sentences in other cases. Doc. 17 Ex. A at 24. The written plea also contains the following:

My plea is entered with the acknowledgment and understanding of the following:

(1) I understand the judge will place me under oath to question me about this plea. I must answer the judge's question's truthfully, and if I make a false statement while under oath, I could be prosecuted for perjury.

(2) I understand that a plea of not guilty denies my guilt, a plea of guilty admits my guilty [sic], and a plea of no contest means that I will not contest the evidence against me. <u>I also understand that if the Judge accepts this plea of guilty or no contest, there will be no trial and that I will be sentenced based on my plea.</u>

(3) I understand the nature of the charges to which I am pleading and I am aware of the maximum and minimum penalties. My lawyer has informed me of the facts the State would have to prove before I could be found guilty and discussed with me any possible defenses that could be raised in my case. <u>I am satisfied with my lawyer's advice and help.</u>

(4) <u>I understand that if the Judge accepts this plea, I give up the right to a trial, the right to require the State to prove the charge against me beyond a reasonable doubt, the right to have a jury decide whether I am guilty or not guilty, the right to see and hear the witnesses against me and to have my lawyer question them, the right to subpoena and present witnesses or other evidence or any defenses I may have, and to testify or remain silent as I choose.</u>

(5) <u>I understand that by pleading guilty or no contest I am giving up the right to appeal all matters relating to the final judgment, including the issue of my guilty [sic] or innocence. If the judge accepts this plea, the only issues I will be able to appeal are those relating to my sentence and the Judge's authority to hear my case.</u> I understand that I have 30 days to appeal the court's judgment and sentence, and if I cannot afford a lawyer, one will be appointed for me.

. . . .

(8) I have read this entire form carefully, front and back, and I understand all of the rights and duties explained in this form.

<u>I state to the Court that I am not under the influence of drugs or alcohol, that no one forced or threatened me to enter this plea, and that I am entering this plea freely and voluntarily. I acknowledge that I am entering this plea because I believe it is in my best interest.</u>

Doc. 17, Ex. A at 24-25 (emphasis added).

Wright's signature on the plea forms and statements at the plea hearing indicate that, among other things, he was satisfied with his attorney, understood he was waiving the right to proceed to trial on the armed carjacking charge and could appeal only limited issues, believed the plea was in his best interest, and entered the plea voluntarily. On this record, it was not unreasonable for the state post-conviction trial court to conclude that defense counsel's performance was not deficient. The state court's adjudication of Wright's claim did not involve an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Under the double deferential review this Court applies to a Strickland claim evaluated pursuant to the § 2254(d)(1) standard, Wright's claim in this ground fails. *See* Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

## Conclusion

Based on the foregoing, Petitioner is not entitled to federal habeas relief. The amended § 2254 petition (Doc. 8) should be denied.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## **Recommendation**

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner's amended § 2254 petition (Doc. 8).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2013.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.